IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND,
BALTIMORE DIVISION

| | |
|---|---|
| CROFTON VENTURES LIMITED PARTNERSHIP<br><br>Plaintiff<br><br>v.<br><br>G&H PARTNERSHIP, et al.<br><br>Defendants | Civil Action No. MJG 96-1378 |

**MOTION TO REOPEN**

Crofton Ventures Limited Partnership, Plaintiff, by counsel, moves to reopen the proceedings filed herein, and for cause states:

1. On November 19, 2002, the Court entered an Order of Dismissal Due to Settlement (Under Local Rule 111.1).

2. The parties had entered into a settlement agreement pursuant to which one of the Defendants would pay the plaintiff a specified sum in exchange for, among other things, a release of all claims by Plaintiff against the Defendants, and the transfer of the land that was the subject of the dispute from the Plaintiff to that Defendant.

3. The settlement was originally reached through mediation before the Honorable Paul Grimm, United States Magistrate Judge. Although formal settlement

documents were not executed, Judge Grimm prepared a handwritten memorandum of the settlement, a redacted copy of which is attached hereto as "Exhibit A."

    4.    Judge Grimm's handwritten memorandum specifically made the settlement conditional on the parties reaching agreement on the allocation of the settlement amount between the Plaintiff's damages claims and the price of the land conveyed to the acquiring defendant.

    5.    After months of negotiations, again before Judge Grimm, the parties were unable to reach agreement, and on July 9, 2003, Judge Grimm issued a Memorandum for Counsel in which he advised the Court that an impasse had been reached at that counsel for the Plaintiff would be filing a motion to reopen the case and set it in for a re-trial. A copy of the July 9, 2003 Memorandum for Counsel is attached hereto as "Exhibit B."

    6.    On July 8, 2003, the Court entered a Memorandum offering to attempt to mediate the allocation issue or refer it to a tax lawyer for mediation. The court indicated that:

> I understand from Judge Grimm that the parties reached agreement on the merits (on terms totally undisclosed to me) but reached an impasse regarding an allocation of value for tax purposes. I am informed, therefore, that the case must be reopened for trial.

A copy of the July 8, 2003 Memorandum is attached as "Exhibit C."

    7.    On August 29, 2003, the Court met with the parties in order to attempt to resolve the impasse, but the parties could not agree. At the August 29, 2003 chambers conference, the court advised to parties that it would wait for their request before taking further action.

8. Plaintiff respectfully requests that the matter therefore be reopened.

9. To the extent that the Settlement Order requires that the parties move to reopen the litigation within sixty days, Plaintiff respectfully requests that said Order be modified to permit this matter to be reopened.

WHEREFORE, Plaintiff respectfully requests that the Court's November 19, 2002 Settlement Order be modified or vacated to extend the deadline for reopening these proceedings, and that said proceedings be reopened for trial.

Respectfully submitted

_____/s/_____
Steven K. Fedder
Damon L. Krieger
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
410.580.3000

Attorneys for Crofton Ventures Limited Partnership

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October, 2003, a copy of the foregoing Motion to Reopen was first class mailed to:

Milissa A. Murray, Esquire
Swidler Berlin Shereff Friedman, LLP
The Washington Harbor
3000 K Street, N.W., Suite 300
Washington, DC 20007

Thomas M. Lingan, Esquire
Venable, Baetjer & Howard, L.L.P.
2 Hopkins Plaza
1800 Mercantile Bank & Trust Building
Baltimore, Maryland 21201

/s/
STEVEN K. FEDDER

# EXHIBIT A

11/19/02

Crofton Ventures v. G+H Partnership

MJG-96-1378

Case settled. Total of [redacted] to Pl. Settlement will release Pl from liability for any future cleanup costs associated with the property. Defendants will purchase property that is subject of the lawsuit from the Pl for the above stated * purchase price.

Settlement agreement also will release defendants for [redacted] claims asserted by Plaintiff. ~~Pl expresses any real estate forfeit~~ Real Estate Commission to be pd by Pl. Transfer charges for Real Estate split 50/50 Pl/D.

* Purchase price subject to allocation between purchase of property and repmt of prior cleanup costs or other matters.

Thomas M Wyan for Harry/Dahlia Patrie and G+H Partnership

Steven K Fedder, Plaintiff's attorney

Melissa H. Hurce as Counsel for E Stewart Mitchell, Inc

**REDACTED**

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES MAGISTRATE JUDGE

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JUL -9 A 9: 57

CLERK'S OFFICE
AT BALTIMORE
_____DEPUTY

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

July 9, 2003

RE: *Crofton Ventures v. G & H Partnership et al.*
MJG-96-1378

## MEMORANDUM FOR COUNSEL

Dear Counsel:

    Mr. Fedder and I have made additional efforts to overcome the impasse on the allocation issue, and, despite them, we were not able to change the position of the Plaintiff. It therefore appears that, notwithstanding all the hard work of all the parties and counsel, the settlement has fallen through for failure to reach agreement on the allocation issue. I am copying Judge Garbis with this letter to advise him of this fact, and that Mr. Fedder will be filing a motion to reopen the case and set it in for a re-trial.
    I regret the fact that a final agreement on this one point could not be reached, despite all the efforts to do so.

Sincerely,

Paul W. Grimm
United States Magistrate Judge

cc: Honorable Marvin J. Garbis

RECEIVED
JUL 1 4 2003

# EXHIBIT C

TO: COUNSEL

# MEMORANDUM



CHAMBERS OF
HON. MARVIN J. GARBIS
UNITED STATES DISTRICT JUDGE
TELE: 410-962-7700

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201

July 8, 2003

Re: **Crofton v. G & H, MJG- 96-1378**

    I understand from Judge Grimm that the parties reached agreement on the merits (on terms totally undisclosed to me) but reached an impasse regarding an allocation of value for tax purposes. I am informed, therefore, that the case must be reopened for trial.

    By no means do I wish to know anything about the parties' positions on settlement on the merits. However, if - without such knowledge - I might be helpful in discussing approaches to the tax issues presented, I would make myself available to meet with counsel. If the allocation issue cannot be addressed without disclosure of settlement positions, then I would suggest your jointly investing in a few hours of time of a tax lawyer mediator (whom I would suggest if asked to).

                                     Marvin J. Garbis
                                  United States District Judge

RECEIVED
JUL 1 0 2003