# EXHIBIT A

**Motion of E. Stewart Mitchell, Inc. for Leave to File Surreply
in Opposition to Plaintiff's Motion to Reopen**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND,**
**BALTIMORE DIVISION**

| | |
|---|---|
| CROFTON VENTURES LIMITED PARTNERSHIP, ) ) ) ) Plaintiff, ) ) v. ) ) G&H PARTNERSHIP, et al. ) ) Defendants. ) ) | Civil Action MJG 96-1378 |

**SURREPLY OF E. STEWART MITCHELL, INC. IN**
**OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN**

Plaintiff Crofton Ventures Limited Partnership ("Crofton") has now filed a motion to enforce the settlement agreement. Crofton's earlier Motion to Reopen the case due to failure to consummate the settlement agreement, therefore, is moot. Thus, the Motion to Reopen and Crofton's request to defer any ruling on its motion to reopen until the Court has ruled on Crofton's new Motion to Enforce the Settlement Agreement, should summarily be denied. Indeed, Crofton has not disputed any of the points made in E. Stewart Mitchell, Inc.'s ("Mitchell") Opposition to the Motion to Reopen. Moreover, having now disclosed the settlement amount without Mitchell's consent in its most recent papers, Crofton has by its own further actions, prevented Mitchell from obtaining a fair trial on the CERCLA case Crofton sought to reopen.

As the United States Supreme Court recognized, the more proper remedy for Crofton under these circumstances is to seek to enforce the settlement rather than to reopen the dismissed litigation.[1] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *see also* Opp'n of E. Stewart Mitchell, Inc. to Mot. to Reopen at 15-16. Crofton, in its Motion to Enforce the Settlement Agreement, admits that a settlement was reached between the parties. The fact that Crofton itself recognizes and indeed, has elected enforcement as its preferred avenue of relief, is further evidence that its motion to reopen is not justified. There is no extraordinary circumstances or even "good cause" to reopen this litigation particularly now that Crofton has chosen to make disclosure to this Court of the settlement amount, prejudicing Mitchell's ability to obtain unbiased rulings on liability and damages if the CERCLA case were allowed to go forward at this late date.[2]

This Court may refuse to reopen a case under Federal Rule of Civil Procedure 60(b) where the non-moving party will be prejudiced. *Owens-Ill., Inc. v. T&N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000) ("If the plaintiff will suffer prejudice by reopening the action, the court may deny the movant's motion for relief") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also H&W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000), *reconsideration denied*, 2001 WL 1924498 (D. Md. July 12, 2001), *aff'd*, 30 Fed. Appx. 75 (4th Cir. 2002) (finding factor required to grant Rule 60(b)

---

[1] Mitchell has filed an Opposition to Crofton's Motion to Enforce Settlement Agreement because this Court lacks jurisdiction to enforce the settlement agreement.

[2] This is in addition to the prejudice Mitchell would suffer that is outlined in its Opposition to Plaintiff's Motion to Reopen (pages 10-13).

motion is that the opposing party would not be unfairly prejudiced by having the judgment set aside); *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984) (same).

The need to keep the terms of a settlement agreement confidential during a litigation is well-established. For example, Federal Rule of Evidence 408 prohibits the use of settlement amount as evidence "to prove liability for or invalidity of the claim or its amount." Fed. R. Evid. 408. The Advisory Committee Notes for Rule 408 identifies the "more consistently impressive ground" for exclusion of such evidence is the promotion of the public policy favoring the compromise and settlement of disputes.

Courts have found disclosure of settlement terms to be prejudicial. *See, e.g., City of Groton v. Conn. Light & Power Co.*, 84 F.R.D. 420 (D. Conn. 1979), *aff'd*, 802 F.2d 443 (2d Cir. 1986) (declining to require production of terms of settlement agreement due to potential prejudice to settling parties, which far outweighed need for disclosure); *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) (finding district court erred in disclosing amount of settlement agreement plaintiff entered into with other parties to jury as prejudicial to the non-settling defendant because, in part, the nominal amount of the settlement agreement suggested that the plaintiffs though the non-settling defendant was more liable and could be taken as a reflection of the strength of the plaintiffs' case).

In this case, Mitchell's liability and, if any, the amount of recoverable cleanup costs, are issues that would be required to be decided at trial if the Court sets aside the year-old dismissal and reopens the CERCLA case. Therefore, disclosure of the amount Mitchell was willing to pay Crofton under the settlement, could result in prejudice to Mitchell. Like in the case of *Kennon,* the trier of fact in the reopened case could take the now-disclosed amount Mitchell was willing

to pay in settlement as a reflection of the strength of Crofton's case and/or weakness of Mitchell's case. Moreover, the terms of the agreement are now in the Court file and a matter of public record and are available to any subsequent factfinder.

Given the admissions and disclosures of Crofton in its Motion to Enforce Settlement and the resulting prejudice to Mitchell, this Court should no longer entertain Crofton's Motion to Reopen the case. Again, as noted in Mitchell's Opposition, "[w]hen [plaintiff's attorney] failed to file a motion to vacate the dismissal under [the Local Rules], her case was dead. It cannot now be resuscitated by Rule 60(b) when the reasons proffered by counsel do not qualify for consideration under the rule." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 142 (3d Cir. 1993).

        Respectfully submitted,

        SWIDLER BERLIN SHEREFF FRIEDMAN, LLP


        _____/s/_____
        Milissa A. Murray
        Suite 300, 3000 K Street, N.W.
        Washington, D.C. 20007
        (202) 424-7545
        (202) 424-7643 (facsimile)

Dated: November 25, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND,
BALTIMORE DIVISION

| | | |
|---|---|---|
| **CROFTON VENTURES LIMITED PARTNERSHIP,** | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action MJG 96-1378 |
| v. | ) ) ) | |
| **G&H PARTNERSHIP, et al.** | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING MOTION TO REOPEN**

UPON CONSIDERATION of the Motion of Plaintiff Crofton Ventures Limited Partnership to Reopen, the Opposition of Defendant E. Stewart Mitchell, Inc. thereto, and the arguments presented at a hearing held on the ____ day of _____, 2003, it is hereby:

ORDERED AND DECREED that the Motion of Plaintiff Crofton Ventures Limited Partnership to Reopen is DENIED as untimely and without good cause under Local Rule 111 and Federal Rule of Civil Procedure 60(b).

Dated this ___ day of ____, 2003.

SO ORDERED.

_____
Marvin J. Garbis
United States District Court Judge

9105622v2