

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2003 NOV 26 P 2:52

CLERK'S OFFICE
BALTIMORE

_____DEPUTY

**Chambers of**
**Hon. Marvin J. Garbis**
United States District Judge
410-962-7700

November 26, 2003

TO ALL COUNSEL OF RECORD

    Re: <u>Crofton v. G & H, MJG-96-1378</u>

Dear Sir/Madam:

    I have just received the Motion of E. Stewart Mitchell for Leave to File Surreply in Opposition to Plaintiffs' Motion to Reopen.  I happened to glance at the surreply and find that, according to Ms. Murray, Plaintiff's counsel disclosed the amount of the purported settlement in the pending Motion to Enforce the Settlement Agreement which I have not yet read.  I am rather disturbed, to say the least.

    After remand, the parties sought to reach a settlement.  **In** my Memorandum to counsel of July 8, 2003, I stated:

>     I understand from Judge Grimm that the parties reached agreement on the merits (on terms totally undisclosed to me) but reached an impasse regarding an allocation of value for tax purposes.
>
>         *        *        *
>
>     By no means do I wish to know anything about the parties' positions on settlement on the merits.  However if - without such knowledge - I might be helpful in discussing approaches to the tax issues presented, I would make myself available to meet with counsel. . . .

    In response, Plaintiffs' counsel wrote a letter of July 23, 2003 agreeing with Defendants' counsel's letter of July 18, 2003

COUNSEL OF RECORD
November 26, 2003
Page No. 2


that a meeting with me to discuss the tax impasse could be
helpful.  Plaintiff's counsel stated, in particular: "We believe
that these matters can be discussed without revealing settlement
positions and without any discussion of either party of the
merits of the case."

On August 29, 2003, I met with counsel to mediate the tax
allocation impasse.  I was informed - with the consent of defense
counsel - that the settlement was to involve a transaction
whereby the defense would acquire the Property for an undisclosed
amount, there would be mutual releases etc.  The discussion
ensued with regard to possible structuring of the transaction,
possible agreements as to the portion of the undisclosed amount
to be allocated to the land.  The discussion concluded with
apparent agreement as to the principle of the after tax effect as
a percentage of whatever the undisclosed amount may have been.
The parties were then to ascertain whether they could reach
agreement either as to the allocation or as to an alternative
mechanism (for example arbitration) to resolve the allocation
issue.

On November 14, 2003, Plaintiff filed its Motion to Enforce
Settlement Agreement.  On or about that date a copy of the motion
was received in Chambers.  As is my custom, I noted the name of
the motion, did not read it or the associated papers to await the
full briefing, and had my secretary set up the dates for response
and reply.

On this date, as noted above, I became aware that Mitchell's
counsel, Ms. Murray, asserted that the Motion to Enforce
Settlement Agreement revealed the amount involved in the
settlement.  I was greatly concerned because I did not wish to
know of the amount and thought that it was absolutely obvious to
counsel that I did not wish to know this.  I took the file,
including the Motion to Enforce Settlement, and asked one of
Judge Davis' law clerks, Jamillia Ferris, to review the Motion
and advise me whether it, in fact, revealed the amount and
whether, in her opinion, it appeared that the Plaintiff's
arguments could be presented in principle without revealing the
amount of the settlement.  I am advised that the Motion does, in
fact, reveal the amount and that Ms. Ferris, admittedly without
any background in the case, thinks it might be possible to revise
the papers so as to present the arguments without revealing the
amount.

COUNSEL OF RECORD
November 26, 2003
Page No. 3


    This case has been, and will be, tried to the Court.
Therefore, I may have to make factual decisions regarding
valuation-type issues and there could be an appearance of
impropriety if I were told of the parties' settlement positions.
Also, in view of the substantial time and effort investment that
I have in this case, it would be most inefficient to have a new
judge preside over further proceedings.

    Under the circumstances, I have taken, and will take, steps
to eliminate the problem.  Accordingly:

    1.    I will, by separate Order, seal the Motion to
          Enforce Settlement and papers related thereto

    2.    The said Motion to Enforce Settlement is hereby
          DENIED WITHOUT PREJUDICE.

    3.    Plaintiff shall, by December 12, 2003, arrange a
          telephone conference with Magistrate Judge Grimm
          regarding the filing of any further Motion to
          Enforce Settlement and papers relating thereto.

    4.    I have requested Magistrate Judge Grimm to review
          the papers filed relating to the Motion to Reopen
          and to advise whether there is any reason that I
          should not read those papers.

    5.    No party shall, in any fashion, inform or attempt
          to inform me of any details relating to the
          parties' settlement positions that have not
          heretofore been made known to me by the agreement
          of all parties.

    Although informal, this letter constitutes an Order of this
Court.


                        Yours truly

                           /s/

                   Marvin J. Garbis
              United States District Judge


CC: Clerk of Court, Magistrate Judge Grimm