IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND,
BALTIMORE DIVISION

|  |  |  |
|---|---|---|
| CROFTON VENTURES LIMITED PARTNERSHIP, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action MJG 96-1378 |
| v. | ) ) ) | |
| G&H PARTNERSHIP, et al. | ) ) ) | |
| Defendants. | ) ) | |

**MOTION FOR RESCISSION OF
DECEMBER 11, 2003 ORDER**

E. Stewart Mitchell, Inc. ("Mitchell"), by its undersigned counsel, herein moves for relief from the Court's December 11, 2003 Order which granted the motions of Crofton Ventures Limited Partnership to (i) Reopen the CERCLA case and (ii) enforce the settlement reached between the parties, and in support thereof states as follows:

1. On or about December 11, 2003, a hearing was held on Plaintiff's Motion to Reopen the CERCLA case, Plaintiff's Motion to Enforce the Settlement and Mitchell's opposition thereto.

2. At the hearing, this Court agreed that a settlement had been reached by the parties. To avoid the further delay that would have necessarily resulted from the referral of the matter to mediation, Mitchell agreed to stipulate to the reasonableness of Plaintiff's proposed tax

allocation of the settlement amount on the condition that closing on the settlement occur within 90 days.  Crofton insisted, however, that it could close by December 31, 2003 and demanded that the Court order closing by that date.  The Court did so.

3. Closing was scheduled for December 30, 2003, and Crofton was timely notified of the closing date.  Mitchell wired the closing funds of roughly $1.5 million to the title company on or about 12/28/03.

4. On or about December 30, 2003, however, Crofton notified Mitchell that Anne Arundel County had refused Crofton's request to waive its transfer restrictions, resulting in an unacceptable cloud on title.  Since that time Crofton has made no progress in clearing the title issue by filing and obtaining the necessary approvals of an administrative subdivision plat for the Property.  Indeed, although Crofton has demanded that Mitchell pay 50% of the cost to prepare and get approval of the plat, not so much as an estimate of the proposed amount of such costs has been submitted by Crofton to Mitchell over the past three and one-half months.

5. Although Crofton agreed over a year ago to convey marketable title by special warranty deed, it has and remains unable to do so.  Mitchell never agreed to take title subject to more than the usual encumbrances and the environmental conditions.  It remains unclear to Mitchell whether and to what extent there may be undisclosed obstacles to County approval of any administrative plat which could prolong closing even beyond 2004.

6. Crofton has had over 17 months to rectify the title issues in preparation of closing on the settlement reached in November, 2002.  Mitchell has been more than patient.

7. As recently as April 20, 2004, Mitchell was advised that Crofton does not know and cannot reasonably predict whether and when it will be able to convey clear title.  Clearly,

- 3 -

and as Mitchell has long maintained, Crofton does not like the settlement it made 17 months ago, and has no intention of going forward.

WHEREFORE, Mitchell respectfully requests that the Court rescind its December 11, 2003 Order; deny Crofton's Motion to Enforce Settlement; and deny Crofton's Motion to Reopen.

Respectfully submitted,

SWIDLER BERLIN SHEREFF FRIEDMAN, LLP

_____/s/_____
Milissa A. Murray
3000 K Street, N.W., Suite 300
Washington, D.C. 20007
(202) 424-7500
Attorneys for E. Stewart Mitchell, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of April, 2004, a true and correct copy of the Motion for Recession of December 11, 2003 Order was filed electronically, and was mailed electronically and by first class U.S. Mail, postage prepaid to:

Steven K. Fedder
Piper Rudnick, LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600

Thomas Lingan
Venable, Beater and Howard
2 Hopkins Plaza
1800 Mercantile Bank & Trust Building
Baltimore, Maryland  21201

                                                          _____/s/_____
                                                             Milissa A. Murray

- 5 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND,
BALTIMORE DIVISION**

|  |  |  |
|---|---|---|
| **CROFTON VENTURES LIMITED PARTNERSHIP,** | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action MJG 96-1378 |
| v. | ) ) ) | |
| **G&H PARTNERSHIP, et al.** | ) ) ) | |
| Defendants. | ) ) | |

### ORDER GRANTING MOTION TO RESCIND DECEMBER 11, 2003 ORDER

Upon consideration of the Motion for Rescission filed by E. Stewart Mitchell, Inc. and any opposition thereto of Crofton Ventures Limited Partnership, and it appearing that closing on the parties' settlement of November 2002 has not occurred by this late date, it is this ___ day of _____, 2004, by the United States District Court for the District of Maryland, Baltimore Division,

**ORDERED** and **DECREED** that this Court's Order of December 11, 2003, be and the same is hereby rescinded; and it is further,

**ORDERED** that the Motion to Reopen and the Motion to Enforce Settlement filed by Crofton Ventures Limited partnership, be and the same are hereby, DENIED.

Date:_____     _____
                                Judge, U.S. District Court

9139482v1